**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| JAMES WESLEY TURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-1506 |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| WINIX AMERICA, INC. | ) | **TRIAL BY JURY** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, **JAMES WESLEY TURLEY** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK KOTIN KASSERMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against D\), Defendant **WINIX AMERICA, INC.** and (hereafter referred to as "Defendant Winix" or "Winix") and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. Defendant Winix designs, manufactures and distributes household appliances for consumer use, include dehumidifiers under the brand name Kenmore, including the Kenmore dehumidifier ("subject dehumidifier") at issue in this case.

2. On August 12th, 2012 Sears, Roebuck and Co. and Kmart Corporation, inc conjunction with Defenedat Winix, recalled 795,000 Kenmore dehumidifiers because the units can overheat, smoke, melt and catch fire, posing a fire and burn hazard. According to the Consumer Produscts Safety Commission ("CPSC"), Sears had received 107 reports of incidents, including three smoke inhalation injuries and more than $7 million in property damage leading

up to the recall.[1]

3. On March 30, 2020, a fire occurred at Plaintiff's property. The fire originated in a Kenmore dehumidifier ("subject dehumidifier") due to an internal failure because of design and/or manufacturing flaws in the product ("defect"), and was subject to the July 17, 2012 recall.

4. At all relevant times, Winix knew or should have known of the defect but nevertheless marketed, advertised, and sold dehumidifier under the Kenmore name.

5. As a direct and proximate result of the defect and the inherent safety risk posed by the defect, Plaintiff purchased and used the subject dehumidifier, which resulted in injuries to the Plaintiff, as well as significant property loss in excess of $550,000.00.

**THE PARTIES**

6. Plaintiff James Wesley Turley is a resident and citizen living in the city of Letart, County of Mason, State of West Virginia.

7. Defendant Winix America is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 220 N. Fairway Drive, Vernon Hills, IL 60061.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

---

[1] *See* https://www.cpsc.gov/Recalls/2012/sears-recalls-kenmore-dehumidifiers-due-to-fire-and-burn-hazards (last accessed March 15, 2022)

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Illinois and has intentionally availed itself of the markets within Illinois through the promotion, sale, marketing, and distribution of its products.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

## FACTUAL BACKGROUND

12. Defendant Winix designs, manufactures and distributes household appliances for consumer use, include dehumidifiers under the brand name Kenmore, including the subject dehumidifier at issue in this case.

13. On August 12th, 2012 Sears, Roebuck and Co. and Kmart Corporation, inc conjunction with Defenedat Winix, recalled 795,000 Kenmore dehumidifiers because the units can overheat, smoke, melt and catch fire, posing a fire and burn hazard. According to the CPSC, Sears had received 107 reports of incidents, including three smoke inhalation injuries and more than $7 million in property damage leading up to the recall.[2]

14. On March 30, 2020, a fire occurred at Plaintiff's property. The fire originated in the subject dehumidifier due to an internal failure because caused by the aforementioned defect, and was subject to the July 17, 2012 recall.

15. At all relevant times, Winix knew or should have known of the defect but nevertheless marketed, advertised, and sold dehumidifier under the Kenmore name.

16. As a direct and proximate result of the defect and the inherent safety risk posed by the defect, Plaintiff purchased and used the subject dehumidifier, which resulted in injuries to the

---

[2] *See* https://www.cpsc.gov/Recalls/2012/sears-recalls-kenmore-dehumidifiers-due-to-fire-and-burn-hazards (last accessed March 15, 2022)

Plaintiff, as well as significant property loss in excess of $550,000.00.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

17. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

18. At the time of Plaintiff's injuries, the subject dehumidifier were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

19. The subject dehumidifier was in the same or substantially similar condition as it left the possession of the Defendant.

20. Plaintiff did not misuse or materially alter the Subject dehumidifier.

21. The Subject dehumidifier did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

22. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Subject dehumidifier safe. Specifically:

   a. The Subject dehumidifier designed, manufactured, sold, and supplied by Defendant was defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Subject dehumidifier, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to adequately test the Subject dehumidifier; and

   e. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

23. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**COUNT II**
**NEGLIGENCE**

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective dehumidifiers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

26. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its dehumidifiers in that Defendants knew or should have known that said dehumidifiers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

27. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Subject dehumidifier in that, among other things, it:

a. Failed to use due care in designing and manufacturing the subject dehumidifier to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

c. Were otherwise careless or negligent.

28. Winix knew or should have known that the Defect exists in its dehumidifier at the point of sale and of the serious safety risk it posed to consumers and the public, including Plaintiff, but chose to conceal its knowledge from consumers who purchased its dehumidifiers.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Subject dehumidifer;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: March 22, 2022

BY: */s/ Timothy S. Tomasik*
Attorney for Plaintiff

**TOMASIK KOTIN KASSERMAN, LLC**
Timothy S. Tomasik (tim@tkklaw.com)
Loren Legorreta (loren@tkklaw.com)
161 N. Clark St., Suite 3050
Chicago, Illinois 60601
(312) 605-8800

*In association with:*
**JOHNSON BECKER, PLLC**
Adam J. Kress, Esq. (MN ID #0397289) *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
***Attorneys for Plaintiff***